PER CURIAM.
We have considered the petition for writ •of certiorari, the record and the briefs in this cause. We find that oral 'argument would serve no useful purpose. It is dispensed with pursuant to Florida Appellate Rule 3.10, subd. e, 31 F.S.A,
The deputy found the claimant-petitioner to be permanently :and totally disabled and also refused to apportion the disability between the two accidents leading to this •claim and an earlier one. He held the provisions of the Special Disability Fund applicable. The Full Commission reversed this portion of the deputy’s order, saying that the record did not support a finding of permanent total disability and further, that in fixing extent of disability the deputy should, not have considered the -I960 injury, but only the 1964 accidents. The •commission held the deputy erred in assigning any portion of the disability to the Special Disability Fund. It remanded the cause for further proceedings.
The Full Commission correctly found that the record does not support a finding of permanent total disability. While the commission is right in holding that the Special Disability Fund is not applicable under the facts of this case the reason given for the holding is erroneous. The record does not reveal that claimant was suffering any residual disability from the 1960 accident although it may have left him predisposed to further injury to his back. For the reasons expressed in our recent opinion in Stephens v. Winn Dixie, et al., Case # 34,131, filed January 25, 1967, apportionment under Sec. 440.15(5) (c) is not indicated and there would be no cause for resort to the Special Disability Fund.
Because the Full Commission reached the correct result in its order the petition for certiorari and the petition for attorney’s fees are both denied.
It is so ordered.
THORNAL, C. J., and DREW, O’CON-NELL and ERVIN, JJ., concur.
THOMAS, ROBERTS , and CALDWELL, JJ., agree to conclusion.